UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____
(Circuit Court Case No. 15-00882 CA (01))

MELISSA C. MAZZOTTA,

      Plaintiff

v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY d/b/a
"CIGNA,"

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Connecticut General Life Insurance Company ("CGLIC"), by and through its counsel, hereby files this Notice of Removal and respectfully petitions this Court for removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, and alleges as follows:

    1.    On January 14, 2015, Plaintiff, Melissa C. Mazzotta ("Mazzotta"), filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, the above-styled civil action bearing Case No. 15-00882 CA (01).

    2.    Defendant CGLIC was served with a copy of the Complaint in this action on January 23, 2015. Therefore, this Notice of Removal is being timely filed within 30 days of CGLIC's notice of this action and service of the Complaint.

    3.    The District Court of the United States for the Southern District of Florida has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 because:

(a)     Plaintiff Mazzotta is a resident of the State of Florida. Exhibit A to the Complaint attaches a copy of her Florida individual policy, which requires that Plaintiff be a resident of the State of Florida. Therefore, Plaintiff is a Florida citizen as of the date this action was filed.

(b)     Defendant CGLIC is incorporated in the state of Connecticut and its principal place of business is in Hartford, Connecticut. Accordingly, CGLIC is a citizen of the State of Connecticut. 28 U.S.C. § 1332.

(c)     The amount in controversy against CGLIC in this action exceeds the sum of $75,000.00, including attorney's fees but exclusive of interest and costs.

(d)     The Complaint seeks actual damages and equitable relief, including breach of contract and declaratory relief. It also seeks attorney's fees under both counts.

(e)     Plaintiff's Complaint alleges that the damages in this action are greater than $15,000.00. Complaint at ¶ 1. This minimal allegation is required for Plaintiff to bring this claim in Circuit Court in the State of Florida; Florida law permits recovery of damages in excess of the amount demanded. *See Grunewald v. Warren*, 655 So.2d 1227 (Fla. 1st DCA 1995); *Metropolitan Drywall Systems, Inc. v. Dudley*, 472 So.2d 1345 (Fla. 2d DCA 1985). Thus, the true amount in controversy is unspecified in Plaintiff's Complaint. However, the Plaintiff alleges that she incurred medical expenses "as a result of complications due to pregnancy." Complaint at ¶¶ 9-11. However, upon review of the claims related to her "complications of pregnancy," the amount of claims at issue is $71,554.84. As Plaintiff also has a claim for statutory attorney's fees under Florida law, the amount in controversy exceeds $75,000.00. Where, as here, a plaintiff made some unspecified demand for damages in state court, the removing defendant may rely on

2

evidence beyond the complaint, including declarations or other documentation, to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. 28 U.S.C. § 1446(c)(2)(B); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). *See* Declaration of Carmen D. Seiler attached hereto as Exhibit "1."

4. Accordingly, complete diversity of citizenship and the required amount in controversy exist in this action between Plaintiff and Defendant and, therefore, Defendant CGLIC is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

5. Based on the foregoing, Defendant CGLIC files this Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the District Court of the United States for the Southern District of Florida.

6. Defendant CGLIC attaches to this Notice of Removal, designated as Exhibit "2" and incorporated herein by reference, a copy of all process, pleadings, and orders received by Defendant CGLIC in the state court action.

7. The Notice of Removal to Federal Court is being filed with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and is being served on Plaintiff's counsel.

8. This Notice of Removal is signed pursuant to and complies with Federal Rule of Civil Procedure 11.

9. CGLIC respectfully reserves all defenses and rights.

WHEREFORE, Defendant, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, respectfully requests that the removal of this action to the United States District

Court for the Southern District of Florida be hereby effected and that this Court take jurisdiction of this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2015 the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that I emailed the foregoing to: Jorge A. Duarte, Esquire, Jorge A. Duarte, P.A., 8603 South Dixie Highway, Suite 303, Miami, Florida 33143, telephone: (305) 358-2400, email: jorge@duartelegal.com, *counsel for Plaintiff.*

SHARI GERSON
Florida Bar No. 17035
GrayRobinson, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Email: shari.gerson@gray-robinson.com
*Counsel for Defendant*

\827506\64 - # 3426398 v1